UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
UNITED STATES OF AMERICA,                :

                                                                        **MEMORANDUM AND ORDER**
            -against-                    :             **VACATING GRANTING OF BOND**
                                                                    **AND REMANDING WITHOUT BOND**
JARED K. SINGH,                        :                   12-cr-121 (DLI)

                   Defendant.    :

------------------------------------------------------------ x

**DORA L. IRIZARRY, United States District Judge:**

On July 30, 2012, defendant Jared K. Singh ("Defendant") was arrested pursuant to a warrant issued by this Court for allegedly violating the terms of his pre-trial release. Defendant appeared for a detention hearing on August 1, 2012 before U.S. Magistrate Judge Jacob Hart of the Eastern District of Pennsylvania, who ordered Defendant released on $50,000 bond until he could appear before this Court (the "EDPA Bail Order"). On August 2, 2012, the government filed an application requesting that this Court vacate the EDPA Bail Order and that Defendant be held in custody until he appears before the Court. For the following reasons, the government's application is granted. The Court hereby vacates the EDPA Bail Order and revokes the January 18, 2012 order issued by a magistrate judge of this Court releasing Defendant on bond. It is further ordered that Defendant remain in custody, and be brought before this Court in the custody of the U.S. Marshals. This Order is issued without prejudice to Defendant's ability to make a bail application before this Court after he is returned to this district by the U.S. Marshals.

## BACKGROUND

On January 18, 2012, Defendant appeared at a detention hearing in front of U.S. Magistrate Judge Cheryl L. Pollack of the Eastern District of New York, after being arrested

pursuant to a one-count complaint for conspiring to import cocaine into the United States in violation of 21 U.S.C. §§ 952(a) and 963, and was released on a $250,000 secured bond. (*See* Compl., Dkt. Entry 1; Jan. 18, 2012 Minute Entry.) The bond was secured by property owned jointly by Defendant's brother Keron Singh and Defendant's sister-in-law Michelle Singh, and was co-signed by several sureties, including Defendant's brother Kenson Singh and Defendant's cousin Kenrod Singh. (*See* Dkt. Entry 3.) The bond, signed by Defendant, provides, *inter alia*, that Defendant is prohibited from committing any other crimes, and specifically advises that it is a criminal offense to tamper with a witness. (*See id*.) At the hearing, U.S. Magistrate Judge Cheryl L. Pollack also advised Defendant that "[y]ou are not to threaten or attempt to influence the testimony of anyone who you think might be a witness against you in this case. If you do that, that's grounds for revoking your bond, increasing your punishment under these charges and bringing charges of witness tampering or obstruction of justice against you." (Jan. 18, 2012 Hr'g Tr., Dkt. Entry 28, at 14.) Defendant said that he understood this condition. (*Id*.) The sureties were present at the bail hearing when this admonition was given by the court.

On February 14, 2012, Defendant was indicted by a federal grand jury of this District for conspiring to import 500 grams or more of cocaine in violation of 21 U.S.C. §§ 952(a), 963, 960(a)(1) and (b)(2)(B)(ii), as well as 18 U.S.C. § 3551 *et seq*. (*See* Indictment, Dkt. Entry 7.) On June 27, 2012, this Court denied Defendant's motion to suppress evidence in its entirety. (*See* Order Denying Mot. to Suppress, Dkt. Entry 26.) At a status conference held on June 28, 2012, the Court ordered the case to trial beginning on October 9, 2012. (*See* June 28, 2012 Minute Entry, Dkt. Entry 27.)

On July 10, 2012, upon application of the government, this Court issued a warrant for Defendant's arrest, after Defendant allegedly violated a condition of his pre-trial release by

2

conspiring with his brother and cousin, both sureties on his bond, to influence the testimony of a potential witness in this case.  (*See* Order Granting Mot. for Warrant, Dkt. Entry 30.)  Defendant was arrested pursuant to the warrant on July 30, 2012.  On August 1, 2012, Defendant appeared at a detention hearing with counsel before U.S. Magistrate Judge Jacob Hart of the Eastern District of Pennsylvania, who ordered that Defendant be released on an unsecured $50,000 bond until he could appear before this Court on the alleged violation, but stayed the order for 24 hours to give the government an opportunity to have the EDPA Bail Order reviewed by a district court judge in that district.  (*See* Letter Appl. for Revocation of Release Order, Dkt. Entry 35 ("Gov't Letter"), Ex. 1.)

The following day, upon application by the government, U.S. District Judge Lawrence Stengel of the Eastern District of Pennsylvania vacated the EDPA Bail Order to the extent it suggested that, if the government wished to appeal from the magistrate judge's bail order, the EDPA Bail Order had to be reviewed by a district judge in the Eastern District of Pennsylvania, instead of appealing directly to this Court, which has jurisdiction over the underlying case. Judge Stengel clarified that the government could seek review of the EDPA Bail Order by this Court, because it has original jurisdiction over the offense pursuant to 18 U.S.C. § 3145(a).  (*See id.*, Ex. 3.)  Judge Stengel also extended the stay of the EDPA Bail Order until August 9, 2012, in order to provide the government the opportunity to seek review of the EDPA Bail Order by this Court.  (*Id.*)

On August 2, 2012, the government filed the instant application requesting that the EDPA Bail Order be revoked and that Defendant be removed from the Eastern District of Pennsylvania to the Eastern District of New York in the custody of the U.S. Marshals.  (*Id.* at 1.)

Defendant opposed the application by submitting a one-page letter incorporating the same arguments he made in front of Magistrate Judge Hart.

## DISCUSSION

The Court "reviews a magistrate judge's detention or release determination *de novo*." *Borodin v. Ashcroft*, 136 F. Supp. 2d 125, 128 (E.D.N.Y. 2001). "[A] district court should fully reconsider a magistrate's denial of bail and in ruling on a motion for revocation or amendment of a detention order should not simply defer to the judgment of the magistrate, but reach its own independent conclusion." *United States v. Leon*, 766 F. 2d 77, 80 (2d Cir. 1985). The Court also notes that the government is entitled to proceed in its application by proffer. *See United States v. LaFontaine*, 210 F. 3d 125, 130-32 (2d Cir. 2000).

Having reviewed the affidavit and documents supporting both the government's instant application and the issuance of the arrest warrant, as well as the transcript of the detention hearing before Magistrate Judge Hart, the Court finds that: (1) pursuant to 18 U.S.C. § 3148(b)(1)(A) there is probable cause to believe that Defendant has committed a Federal, State or local crime while on release; (2) based on the factors set forth in 18 U.S.C. § 3142(g), "there is no condition or combination of conditions of release that will assure that [Defendant] will not flee or pose a danger to the safety of any other person or the community," 18 U.S.C. § 3148(b)(2)(A); (3) Defendant has demonstrated that it is unlikely that he will abide by any condition or combination of conditions of release, *see* 18 U.S.C. § 3148(b)(2)(B); and (4) since there is probable cause to believe that two of the sureties on the $250,000 bond issued in this district were complicit in the attempt to tamper with a witness in this case and have also been arrested, the bond issued in this case on January 18, 2012 must also be revoked. As such, the

bail order issued by Magistrate Judge Hart is vacated; Defendant is ordered held without bail and is to be returned to this district in custody of the U.S. Marshals.

The government has presented evidence by way of statements of the potential trial witness and a contemporaneous audio recording, that Defendant's brother and cousin met with the witness and told the witness that Defendant would provide her with a house, a lawyer and other benefits, if the witness changed her previous statements to authorities inculpating Defendant and instead implicated another person for Defendant's crimes. (*See* Mot. for Arrest Warrant, Dkt. Entry 29, Exs. C, D.) The evidence indicates that Defendant was involved in the plan to persuade the witness to commit perjury, because Defendant's brother and cousin both promised the witness that, if she changed her story, Defendant would "give you everything he got. If you want a house, he'll give you a house; he'll sign over a house to you. That's what he telling me." (*Id.* Ex. D.) Equally disturbing is that Defendant, his brother and cousin know how to contact the witness, thus jeopardizing the witness's safety.

Based on this credible evidence that Defendant has attempted to subvert the trial process, the Court finds that Defendant poses a threat to the community and must not be released. *See, e.g.*, *LaFontaine*, 210 F. 3d at 134 ("obstruction of justice has been a traditional ground for pretrial detention by the courts"); *United States v. Gotti*, 794 F. 2d 773, 779 n.5 (2d Cir. 1986) (Holding that a single incident of witness tampering constituted a "threat to the integrity of the trial process" and was sufficient to revoke bail.); *see also* 18 U.S.C. § 3148(b) ("If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community.").

The Court also finds that the amount of bail set by the magistrate judge, an unsecured $50,000 bond, is woefully insufficient to ensure that Defendant will not pose a danger to the community or flee the country. Plaintiff was previously released on $250,000 bond, secured by real property and co-signed by five sureties (including Defendant's cousin and brother who were arrested for witness tampering), under the express condition that he was not to attempt to influence any witnesses in this case. Yet Defendant apparently was not deterred from conspiring with his brother and cousin to bribe a government witness and suborn perjury. Moreover, Defendant is a foreign national who was travelling to the United States from Trinidad when he was arrested. The Court finds that releasing Defendant on bail, particularly when he is facing charges carrying a five-year minimum and a forty-year maximum sentence and apparently has shown a willingness to violate his release conditions, poses a genuine risk that Defendant will not appear in this Court.

The arguments presented by Defendant in support of his release are unavailing, as they are meritless and are squarely belied by the record. Indeed, Defendant's counsel was able to convince the magistrate judge to release Defendant only by distorting the facts and circumstances of this case. For example, Defendant's counsel represented that "they have no case" against Defendant because "[a]ssuming for the sake of argument that cousin and brother do reach out to the [witness], you can't suggest that it was at my client's behest." (Gov't Letter Ex. 2 at 8.) However, as described above, there is indeed evidence on the audio recording that Defendant's cousin and brother were trying to persuade the witness to lie at Defendant's direction, as it was Defendant who was offering his house and money to the witness in exchange for the perjured testimony exculpating him.

Even more disconcertingly, Defendant's counsel told the magistrate judge that "there's nothing on the record – that any information that brother or cousin got, they got from Mr. Singh," and suggested that the brother and cousin must have obtained information about the witness from the electronic filings in this case. (*See id.* at 9-11.) The transcript of the audio recording of Defendant's cousin and brother talking with the witness reveals something entirely different:

[Cousin]: They, they-the way how they have it, is everything's on him [the defendant Jared Singh]. Unless you say different, there's nothing nobody can do. Honestly.

[Witness]: Did his lawyer tell him that?

[Cousin]: Yeah

(Mot. for Arrest Warrant, Ex. D at 1.) It is logical and reasonable to infer from the recording that Defendant's cousin and brother learned about the witness from Defendant directly, rather than independently from public filings. Thus, the Court finds Defendant's assertions that there was no evidence he was involved in the alleged witness tampering utterly unconvincing.

Defense counsel also misrepresented to the magistrate judge that the underlying narcotics case was weak by presenting only partial, self-serving information. Given the denial of Defendant's motion to suppress evidence, which included, *inter alia*, his detailed incriminating post-arrest statement and the potential co-conspirator testimony, there is a substantial likelihood that Defendant could be convicted at trial. As Defendant faces a potentially lengthy jail sentence and certain deportation if convicted, Defendant has every incentive to flee and endanger the safety of the witness. The magistrate judge did not even solicit a reply from the government, instead relying on counsel's rambling musings in rendering his decision.

Accordingly, the Court holds that Defendant poses a risk to the community as well as a flight risk, and, as such, the EDPA Bail Order is vacated, the bond is revoked, and the $250,000 bond set by this Court is also revoked.

**CONCLUSION**

For the foregoing reasons, the government's application is granted. The EDPA Bail Order by Magistrate Judge Hart releasing Defendant on bond is vacated; the bond set by Magistrate Judge Hart is revoked; the January 18, 2012 order issued by Magistrate Judge Pollack releasing Defendant on bond is revoked; and the Court orders that Defendant be remanded, without bail, and returned to the Eastern District of New York in the custody of the U.S. Marshals, in order to appear before this Court. This Order is without prejudice to Defendant's ability to make a bail application to this Court once he is returned to this district.

SO ORDERED.

Dated: Brooklyn, New York
      August 3, 2012

                                                            /s/
                                        DORA L. IRIZARRY
                                    United States District Judge